UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN OMAR RAMIREZ-RIVAS,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility, et al.,

Respondents.

Case No.:  26-cv-1981-RSH-BJW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

[ECF No. 2]

On March 27, 2026, petitioner Juan Omar Ramirez-Rivas, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The same day, he filed a motion to appoint counsel. ECF No. 2.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner asserts that the length of his detention to date establishes that he is entitled to a bond hearing to determine whether he is a flight risk or danger to the community. ECF No. 1 ¶¶ 2–5. However, Petitioner fails to mention that: (1) he previously filed, through

counsel, a petition for writ of habeas corpus in Case No. 26-cv-994; (2) in the prior case, the Court granted the writ and ordered a bond hearing; (3) on March 9, 2026, Petitioner received a bond hearing before an immigration judge, *see* ECF No. 5-1, Ex. 2 (immigration judge order); or (4) at that hearing, the immigration judge denied bond, on the ground that Petitioner is subject to mandatory detention under the Laken-Riley Act, but also on the ground that Petitioner "poses a significant flight risk, as he has been ordered removed from the United States and has waived his right to appeal," *id.* Petitioner also does not mention the status of his immigration proceedings; but the immigration judge's order, as well as records filed in his previous case, reflect that on February 26, 2026, Petitioner was ordered removed to El Salvador by another immigration judge; was denied relief from removal; and waived appeal. *See* Case No. 26-cv-994-RSH-DDL, Dkt. No. 5-1.

Because Petitioner is subject to a final order of removal, his detention at this time is mandatory under by 8 U.S.C. § 1231(a), which provides that the Attorney General "shall detain" a noncitizen during the 90-day removal period. *See* 8 U.S.C. §§ 1231(a), (b). After that removal period, the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

//

//

//

//

Petitioner is at this time subject to mandatory statutory detention and provides no basis for this Court to conclude that Petitioner's detention violates the U.S. Constitution or federal law. Accordingly, the Petition is **DENIED**.

The Court **DENIES** Plaintiff's motion for appointment of counsel [ECF No. 3], as Petitioner has not shown "exceptional circumstances" warranting such an appointment here. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: April 14, 2026

*Robert S Huie*
Hon. Robert S. Huie
United States District Judge

26-cv-1981-RSH-BJW